UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANNE K. CHERNISH,

                              Plaintiff,

v.                                                        5:08-CV-0957
                                                          (GHL)

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

                              Defendant.

---

APPEARANCES:                                OF COUNSEL:

SCHLATHER, GELDENHUYS, STUMBAR & SALK       RAYMOND M. SCHLATHER, ESQ.
Counsel for Plaintiff
200 East Buffalo Street
P.O. Box 353
Ithaca, NY 14851-0353

RIVKIN RADLER LLP                           NORMAN L. TOLLE, ESQ.
Counsel for Defendant
926 RexCorp Plaza
Uniondale, NY 11556-0111

GEORGE H. LOWE, United States Magistrate Judge

## ORDER

### 1.  The Complaint

        According to the Complaint (Dkt. No. 1-2), on or about March 16, 1987, Defendant

Massachusetts Mutual Life Insurance Company ("Mass Mutual") sold to Plaintiff Anne K. Chernish

a disability income insurance policy that was to expire 30 years later.  In or about 1988 Plaintiff

> became ill, ultimately developing a chronic, permanent and untreatable medical
> condition diagnosed as orthostatic hypotension, autonomic dysfunction, and
> complete AV block, and, more recently, Crohn's Disease.  This illness includes a
> disorder of the nervous system, chronic migraine headaches and chronic fatigue,
> among other disabling sequelae.

Dkt. No. 1-2, at ¶5.

In 1988 Plaintiff filed a claim for benefits under the policy, and, "after an unsuccessful

contest, [Mass Mutual] paid benefits." *Id.* at ¶7.  For reasons that are not clear from the Complaint,

benefit payments apparently were stopped, and in 2001 and 2004 Plaintiff renewed her claim for

benefits.  Mass Mutual has not denied these claims nor has it renewed the payment of benefits.  The

Complaint alleges that throughout this period Plaintiff "has been disabled within the meaning of the

policy, and is entitled to full benefits." *Id.* at ¶12.

In her First Cause of Action Plaintiff asserts a breach of contract, and claims to have been

damaged by, *inter alia*, "loss of benefits under the policy; loss of premiums; obligation for legal fees

and other consequential damages as allowed by law; expenses." *Id.* at ¶20.

In her Second Cause of Action Plaintiff asserts a breach of the covenant of good faith and

fair dealing.  She alleges that:

> The systematic and exclusionary misconduct on the part of the defendant includes
> but is not limited to: delaying the payment of claims; requiring unreasonable and
> repeated production of documents; making unreasonable settlement offers before
> engagement of counsel; engaging in unlawful surveillance; denying coverage of
> legitimate claims; and otherwise acting in bad faith.

*Id.* at ¶24.  In this regard she alleges that she has been damaged by, *inter alia*,

> loss of the benefit of the bargain; loss of insurance benefits including peace of mind,
> the comfort and knowledge of protection against disaster and loss; pain, suffering,
> inconvenience and mental anguish; loss of enjoyment of life; loss of dignity;
> expenditure of unreasonable amounts of time in pursing [sic] her claims herein.

*Id.* at ¶26.

In her Third Cause of Action Plaintiff alleges that Mass Mutual has violated New York

General Business Law ("GBL") § 349, which prohibits deceptive acts and practices.

2

## 2.  **The Motion**

Mass Mutual has moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

for dismissal of the Complaint's Second and Third Causes of Action, "and to strike plaintiff's

request for attorney's fees."  Dkt. No. 4-5, at 3.  Plaintiff opposed the motion (Dkt. No. 6), and Mass

Mutual filed a reply memorandum of law.  Dkt. No. 7.

## 3.  **Legal Standards Governing Motion To Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a

complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

It has long been understood that a defendant may base such a motion on either or both of two

grounds: (1) a challenge to the "sufficiency of the pleading" under Federal Rule of Civil  Procedure

8(a)(2);[1] or (2) a challenge to the legal cognizability of the claim.[2]

---

[1]      *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[2]      *See  Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") [citation omitted]; *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. By requiring this "showing," Rule 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."[3] The main purpose of this rule is to "facilitate a proper decision on the merits."[4] A complaint that fails to comply with this rule "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."[5]

---

379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim [under Rule 12(b)(6)].") [citation omitted]; *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01-CV-4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

[3]      *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) [citation omitted; emphasis added]; *see also Swierkiewicz*, 534 U.S. at 512 [citation omitted]; *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) [citation omitted].

[4]      *Swierkiewicz*, 534 U.S. at 514 (quoting *Conley*, 355 U.S. at 48); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

[5]      *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion); *accord*, *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998), *Flores v. Bessereau*, 98-CV-0293, 1998 WL 315087, at *1 (N.D.N.Y. June 8, 1998) (Pooler, J.). Consistent with the Second Circuit's application of §

The Supreme Court has long characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement.[6]  However, it is well established that even this liberal notice pleading standard "has its limits."[7]  As a result, several Supreme Court and Second Circuit decisions exist, holding that a pleading has failed to meet this liberal notice pleading standard.[8]

Most notably, in the recent decision of *Bell Atlantic Corporation v. Twombly*, the Supreme Court, in reversing an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1, "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355

---

0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history.  *See*, *e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]).

      [6]    *See*, *e.g.*, *Swierkiewicz*, 534 U.S. at 513-514 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake.").

      [7]    2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).

      [8]    *See*, *e.g.*, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1974 (2007) (pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Dura Pharm.*, 125 S. Ct. at 1634-1635, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).  Several unpublished decisions exist from the Second Circuit affirming the Rule 8(a)(2) dismissal of a complaint after *Swierkiewicz*.  *See*, *e.g.*, *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]).  Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, they appear to acknowledge the continued precedential effect, after *Swierkiewicz*, of certain cases from within the Second Circuit interpreting Rule 8(a)(2).  *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

5

U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  127 S. Ct. 1955, 1968-69 (2007).[9]  Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the Rule 8 "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 1965-74.

More specifically, the Court reasoned that, by requiring that a pleading "show[] that the pleader is entitled to relief," Rule 8(a)(2) requires that the pleading give the defendant "fair notice" of (1) the nature of the claim and (2) the "grounds" on which the claim rests.  *Id*. at 1965, n.3 [citation omitted].  While this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id*. [citations omitted].  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*. at 1965 [citations omitted].  What this means, on a practical level, is that there must be "plausible grounds to infer [actionable conduct]," or, in other words, "enough fact to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]."  *Id*.

As have other Circuits, the Second Circuit has repeatedly recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, not

---

[9]      The Court in *Twombly* further explained: "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . .  *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."  *Twombly*, 127 S. Ct. at 1969.

merely antitrust claims brought under 15 U.S.C. § 1 (as were the claims in *Twombly*).[10]

It should be emphasized that Rule 8's plausibly standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which the Court stated, "Specific facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out in detail the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley v. Gibson*, 355 U.S. 41, 47 [1957]). That statement in no way meant that all pleadings may achieve the requirement of giving a defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests without ever having to allege any facts whatsoever.[11] There must still be

---

[10]     *See, e.g., Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (in civil rights action, stating that "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted]; *Goldstein v. Pataki*, 07-CV-2537, 2008 U.S. App. LEXIS 2241, at *14 (2d Cir. Feb. 1, 2008) (in civil rights action, stating that "*Twombly* requires . . . that the complaint's '[f]actual allegations be enough to raise a right to relief above the speculative level . . . .'") [internal citation omitted]; *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98, n.2 (2d Cir. 2007) ("We have declined to read Twombly's flexible 'plausibility standard' as relating only to antitrust cases.") [citation omitted]; *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (in prisoner civil rights action, stating, "[W]e believe the [Supreme] Court [in *Bell Atlantic Corp. v. Twombly*] is . . . requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.") [emphasis in original].

[11]     For example, in *Erickson*, a district court had dismissed a *pro se* prisoner's civil rights complaint because, although the complaint was otherwise factually specific as to how the prisoner's hepatis C medication had been wrongfully terminated by prison officials for a period of approximately 18 months, the complaint (according to the district court) failed to allege facts plausibly suggesting that the termination caused the prisoner "substantial harm." 127 S. Ct. at 2199. The Supreme Court vacated and remanded the case because (1) under Fed. R. Civ. P. 8 and *Twombly*, all that is required is "a short and plain statement of the claim" sufficient to "give the defendant fair notice" of the claim and "the grounds upon which it rests," and (2) the plaintiff had

enough facts alleged to raise a right to relief above the speculative level to a plausible level, so that the defendant may know what the claims are and the grounds on which they rest (in order to shape a defense).

Having said all of that, it should also be emphasized that, "[i]n reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."[12]

### 4. <u>The Second Cause of Action</u>

Mass Mutual argues that the Second Cause of Action should be dismissed "because New York law does not recognize a breach of the covenant of good faith and fair dealing as a cause of action separate and distinct from a breach of contract claim when the conduct arises out of the

---

alleged that the termination of his hepatitis C medication for 18 months was "endangering [his] life" and that he was "still in need of treatment for [the] disease." *Id*. at 2200. While *Erickson* does not elaborate much further on its rationale, a careful reading of the decision (and the dissent by Justice Thomas) reveals a point that is perhaps so obvious that it did not need mentioning in the short decision: a claim of deliberate indifference to a serious medical need under the Eighth Amendment involves two elements, i.e., the existence of a sufficiently serious medical need possessed by the plaintiff, and the existence of a deliberately indifferent mental state possessed by prison officials with regard to that sufficiently serious medical need. The *Erickson* decision had to do with only the first element, not the second element. *Id*. at 2199-2200.  In particular, the decision was merely recognizing that an allegation by a plaintiff that, during the relevant time period, he suffered from hepatis C is, in and of itself, a factual allegation plausibly suggesting that he possessed a sufficiently serious medical need; the plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatis C medication. *Id*.  This point of law is hardly a novel one. For example, numerous decisions, from district courts within the Second Circuit alone, have found that suffering from hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000).

[12]     *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) [citation omitted]; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

administration of a contract of insurance." Dkt. No. 4-5, at 3.  Assuming *arguendo* that this is an accurate statement of the applicable law as of February 18, 2008, the issue before this Court is the impact of the New York Court of Appeals' decisions of the following day in *Bi-Economy Market Inc. v. Harleysville Insurance Company of New York*, 10 N.Y.3d 187, 856 N.Y.S.2d 505, 886 N.E.2d 127 (2008), and *Panasia Estates, Inc. v. Hudson Insurance Company*, 10 N.Y.3d 200, 886 N.E.2d 135 (2008).  In *Panasia Estates*, the Court of Appeals stated, in reliance on its decision in *Bi-Economy Market*, that "consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were 'within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.'" *Id.* at 203.

Faced with these recent decisions, Mass Mutual argues that Plaintiff has failed to set forth in her Complaint "the allegations that a party must plead to sustain a cause of action to recover consequential damages." Dkt. No. 7, at 5.  This Court disagrees, and finds that the allegations set forth in paragraphs "20" and "26" of the Complaint meet the "simplified" and "liberal" plausibility standard of Rule 8(a)(2).  *See Chaffee v. Farmers New Century Ins. Co.*, 2008 WL 4426620, at *4 (N.D.N.Y. Sept. 24, 2008) (finding as sufficient allegations of "consequential damages for distress, aggravation, inconvenience, and alternative living expenses").[13]

In addition, the Court finds that these alleged consequential damages "were 'within the

---

[13] In *Chaffee* the Court followed *Bi-Economy Market* by refusing to dismiss plaintiffs' claims for consequential damages arising from an alleged breach of an insurance contract.  There, however, the Court found that the request for consequential damages was part of the breach of contract claim and not part of a separate cause of action.  *Chaffee*, at *5.  The Court might have been influenced by "Plaintiffs' representations that they do not assert an independent bad faith claim."  *Chaffee*, at *2 n.5.  In any event, *Bi-Economy Market* upheld separate causes of action "for bad faith claims handling, . . . and breach of contract."  *Bi-Economy Market*, 10 N.Y.3d at 191.

contemplation of the parties as the probable result of a breach at the time of or prior to contracting.'" *Panasia Estates*, 10 N.Y.3d at 203.  To paraphrase the Court in *Bi-Economy*, "the very purpose of [disability income insurance] would have made [Mass Mutual] aware that if it breached its obligations under the contract to investigate in good faith and pay covered claims it would have to respond in damages to [Plaintiff] for [the damages alleged in paragraph "26"]." *Bi-Economy Market*, 10 N.Y.3d at 195.

Mass Mutual also argues that "plaintiff cannot recover consequential damages for emotional injury."  Dkt. No. 7 at 6.  However, all of the cases that it relies upon pre-date *Bi-Economy Market*, a decision which might not be "an extraordinary expansion of governing law" (Dkt. No. 6, at 5), but it certainly has changed the landscape.  In addition, Mass Mutual argues that Plaintiff cannot in essence assert a new claim in its opposition papers.  She has not done so, even assuming *arguendo* that she has used "familiar tort language."  Dkt. No. 7 at 3, n.1.

Accordingly, Mass Mutual's motion to dismiss Plaintiff's Second Cause of Action is denied.

## 5.  **The Third Cause of Action**

Mass Mutual asserts that Plaintiff's Third Cause of Action, for violation of GBL § 349, does not "allege the threshold requirements of 'consumer-oriented' behavior and 'a deceptive act or practice.'"  Dkt. No. 4-5, at 3.  Mass Mutual is correct.

The Second Circuit has held that "an action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b), Fed. R. Civ. P., but need only meet the bare-bones notice-pleading requirements of Rule 8(a)."  *Pelman Ex Rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005).  However, this "bare-bones" requirement, under *Bell Atlantic Corporation v. Twombly*, as discussed above, means that the pleading must contain at least "some factual

allegations" that are "enough to raise a right to relief above the speculative level [to a plausible level]." *Twombly*, 127 S. Ct. at 1965.  Here, Mass Mutual is correct that "plaintiff does not provide a single factual allegation" to support her conclusory allegations.[14]

Accordingly, Mass Mutual's motion to dismiss Plaintiff's Third Cause of Action is granted, without prejudice.  Plaintiff shall have twenty days from the date of this Order to serve and file an Amended Complaint.

### 6.  Plaintiff's Entitlement to Attorney's Fees

In reliance upon caselaw that pre-dates the Court of Appeals' decision in *Bi-Economy Market*, Mass Mutual argues that "an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy."  Dkt. No. 4-5, at 19, citing *Kantrowitz v. Allstate Indem. Co.*, 48 A.D.3d 753, 754 (2d Dept. 2008).[15]  However, as noted above, *Bi-Economy Market* has changed the landscape.  The pleading stage is too early in the litigation to resolve Plaintiff's entitlement to attorney's fees.

Accordingly, Mass Mutual's motion to have Plaintiff's claim for attorney's fees dismissed is denied.

### 7.  Conclusion

Based upon the foregoing, it is

---

[14]  The "generalized accusation" that the District Court found sufficient in *Interested Underwriters v. Church Loans*, 432 F. Supp. 2d 330, 332 (S.D.N.Y. 2006), was significantly different then the conclusory allegations in Plaintiff's Complaint.  There the pleading alleged "that [the insurance company] engages in dilatory practices as a general policy, describing these practices as 'part of [the insurance company's] usual and customary business and claims settlement practices.'" *Id.*  There are no such allegations here.

[15]  *Kantrowitz* was decided on February 26, 2008, seven days after *Bi-Economy Market* was decided, but it makes no reference to the Court of Appeals' decision.

11

**ORDERED**, that Mass Mutual's motion to dismiss Plaintiff's Second Cause of Action and Plaintiff's claim for attorney's fees is **DENIED**; and it is further

**ORDERED**, that Mass Mutual's motion to dismiss Plaintiff's Third Cause of Action is **GRANTED**, without prejudice, and Plaintiff shall have twenty days from the date of this Order to serve and file an Amended Complaint.

George H. Lowe
United States Magistrate Judge

Dated: February 10, 2009
       Syracuse, New York